**REESE RICHMAN LLP**
Michael R. Reese
michael@reeserichman.com
Kim E. Richman
kim@reeserichman.com
875 Avenue of the Americas, 18th Floor
New York, New York 10001
Telephone: (212) 579-4625
Facsimile: (212) 253-4272

*Counsel for Plaintiff*

**BINGHAM McCUTCHEN LLP**
Peter C. Neger
peter.neger@bingham.com
Derek Care
derek.care@bingham.com
399 Park Avenue
New York, New York 10022-4689
Telephone (212) 705-7226
Facsimile: (212) 702-3616

*Counsel for Defendant RCN Corporation*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SABRINA CHIN, on behalf of herself and all others similarly situated, | ) <br> ) Civil Action No. CV-08-7349 <br> ) |
| Plaintiff, | ) **JOINT REPORT OF THE PARTIES** |
| vs. | ) **PURSUANT TO FEDERAL RULE OF** <br> ) **CIVIL PROCEDURE 26(f)** |
| RCN CORPORATION, | ) <br> ) |
| Defendant. | ) <br> ) <br> ) |

Plaintiff Sabrina Chin ("Plaintiff") and defendant RCN Corporation ("RCN") (collectively, the "Parties") through their respective counsel, submit this Joint Report in accordance with the Fed. R. Civ. P. 26(f) conference held between the parties on December 10, 2008.

**I.     FED. R. CIV. P. 26(F)(3)(A): WHAT CHANGES SHOULD BE MADE IN THE TIMING, FORM, OR REQUIREMENT FOR DISCLOSURES UNDER FED. R. CIV. P. 26(A), INCLUDING A STATEMENT AS TO WHEN DISCLOSURES REQUIRED UNDER FED. R. CIV. P. 26(A)(1) WERE OR WILL BE MADE.**

The Parties have agreed to exchange initial disclosures by January 5, 2009.

**II.    FED. R. CIV. P. 26(F)(3)(B):  THE SUBJECTS ON WHICH DISCOVERY MAY BE NEEDED, WHEN DISCOVERY SHOULD BE COMPLETED, AND WHETHER DISCOVERY SHOULD BE CONDUCTED IN PHASES OR BE LIMITED TO OR FOCUSED UPON PARTICULAR ISSUES.**

The Parties believe that discovery will be conducted on the following issues: RCN's practices regarding Internet network management; the marketing and advertising of RCN's high-speed Internet service; the speed by which RCN's high-speed Internet subscribers can download and upload computer files using peer-to-peer applications; Plaintiff's typicality and adequacy as class representative; the numerosity, commonality and superiority of Plaintiff's claims; Plaintiff's and class members' alleged injuries/damages; and non-party discovery.

The Parties are in disagreement as to whether discovery should be bifurcated. RCN proposes that class discovery occur first, to be followed by merits discovery. Plaintiff opposes bifurcation.

The Parties agree that expert discovery should occur after merits discovery has been completed.

**III.     FED. R. CIV. P. 26(F)(3)(C):  ANY ISSUES RELATING TO DISCLOSURE OR DISCOVERY OF ELECTRONICALLY STORED INFORMATION, INCLUDING THE FORM OR FORMS IN WHICH IT SHOULD BE PRODUCED.**

While the Parties expect that some discovery will be in electronic form, the Parties do not anticipate any issues relating to disclosure or discovery of electronically stored information.  To the extent such issues arise in the future, the Parties will confer to address them and, if necessary, bring them to the attention of the Court.

**IV.     FED. R. CIV. P. 26(F)(3)(D):  ANY ISSUES RELATING TO CLAIMS OF PRIVILEGE OR OF PROTECTION AS TRIAL-PREPARATION MATERIALS, INCLUDING – IF THE PARTIES AGREE ON A PROCEDURE TO ASSERT SUCH CLAIMS AFTER PRODUCTION – WHETHER TO ASK THE COURT TO INCLUDE THEIR AGREEMENT IN AN ORDER.**

The Parties do not anticipate any issues relating to contested claims of privilege.  To the extent any arise, the Parties anticipate that the Proposed Confidentiality Order that will be submitted to the Court for the Court's consideration will govern the procedure to assert such claims after production.  To the extent any issues not addressed by the Proposed Confidentiality Order arise in the future, the Parties will confer to address them and, if necessary, bring them to the attention of the Court.

**V.     FED. R. CIV. P. 26(F)(3)(E):  WHAT CHANGES SHOULD BE MADE IN THE LIMITATIONS ON DISCOVERY IMPOSED UNDER THESE RULES OR BY LOCAL RULE, AND WHAT OTHER LIMITATIONS SHOULD BE IMPOSED.**

Other than as set forth above, the Parties do not anticipate any need for changes in the discovery limitations imposed under the Federal Rules of Civil Procedure or by Local Rule; however, should a need arise in the future, the Parties have agreed to work together in good faith to avoid any disputes over discovery limitations and to promptly submit to the Court any such disputes that cannot be so resolved.

VI.   **FED. R. CIV. P. 26(F)(3)(F):   ANY OTHER ORDERS THAT SHOULD BE ENTERED BY THE COURT UNDER RULE 26(C) OR UNDER RULE 16(B) AND (C).**

The Parties will submit shortly to the Court for its consideration and approval an order governing the production of confidential information.

Respectfully submitted,

| **REESE RICHMAN LLP** | **BINGHAM McCUTCHEN LLP** |
|---|---|
| */s/ Michael R. Reese* | */s/ Peter C. Neger* |
| Michael R. Reese | Peter C. Neger |
| Kim E. Richman | Derek Care |
| 875 Avenue of the Americas, 18th Floor | 399 Park Avenue |
| New York, New York 10001 | New York, New York 10022-4689 |
| Telephone: (212) 579-4625 | Telephone: (212) 705-7226 |
| Facsimile: (212) 572-4272 | Facsimile: (212) 702-3616 |
| Dated: December 17, 2008 | December 17, 2008 |
| *Counsel for Plaintiff* | *Counsel for Defendant RCN Corporation* |