**REESE RICHMAN LLP**
Michael R. Reese
Kim E. Richman
Belinda L. Williams
875 Avenue of the Americas, 18th Floor
New York, New York 10001
Telephone: (212) 643-0500
Facsimile: (212) 253-4272
Email:  michael@reeserichman.com
        kim@reeserichman.com
        belinda@reeserichman.com

*Attorneys for Plaintiff and the Proposed Class*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SABRINA CHIN, on behalf of herself and all others similarly situated, )<br><br>Plaintiff, )<br>vs. )<br><br>RCN CORPORATION, )<br><br>Defendant. ) | Civil Action No. 1:08-CV-7349 RJS<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT** |

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

PRELIMINARY STATEMENT.........................................................................................1

STATEMENT OF FACTS.............................................................................................3

ARGUMENT................................................................................................................4

1.    Summary of Settlement Terms...............................................................6

2.    The Settlement Terms Are Fundamentally Fair, Reasonable, and Adequate..........6

   a.    The Complexity, Expense, and Likely Duration of the Litigation.........................6

   b.    Reaction of the Class to the Settlement................................................8

   c.    Stage of the Proceedings and the Amount of Discovery Completed......................8

   d.    The Risks of Establishing Liability......................................................9

   e.    The Risks of Establishing Damages.....................................................9

   f.    Risks of Maintaining the Class Action Through the Trial.....................................10

   g.    The Ability of the Defendant to Withstand a Greater Judgment............................10

   h.    The Range of Reasonableness of the Settlement in Light of the Best Possible Recovery and in Light of All Attendant Risks of Litigation.................................11

   j.    Arm's-Length Negotiations................................................................12

3.    Certification of the Proposed Class for Purposes of Preliminary Settlement is Appropriate .....................................................................................12

   a.    The Requirements of Rule 23(a) are Satisfied.......................................12

      i.    The Class is Sufficiently Numerous.................................................12

      ii.    Common Questions of Law or Fact Exist...........................................13

      iii.    Plaintiff's Claims are Typical of Those of the Class..........................13

      iv.    Plaintiff is More Than an Adequate Representative of the Class......................14

   b.    The Requirements Of Rule 23(b)(3) are Also Satisfied.........................................14

i.   Common Legal and Factual Questions Predominate in This Action..................15

ii.  A Class Action is the Superior Means to Adjudicate Plaintiff's Claims............15

4.   The Proposed Notice Proposed Here is Proper and Satisfies FRCP 23.................15

CONCLUSION.............................................................................................................18

## TABLE OF AUTHORITIES

**Case**                                                                    **Page**

*Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997)...........................................14,15

*Banyai v. Mazur,* 00-cv-9806 SHS,
    2007 U.S. Dist. LEXIS 22342 (S.D.N.Y. Mar. 27, 2007)......................................9

*Buxbaum v. Deutsche Bank AG*, 216 F.R.D. 72 (S.D.N.Y. 2003)....................................16

*Chatelain v. Prudential-Bache Sec.*, 805 F. Supp. 209 (S.D.N.Y. 1992)..........................9

*Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974)....................................................5,6

*In re Drexel Burnham Lambert Group*, 960 F.2d 285 (2d Cir. 1992)..............................14

*D.S. v. New York City Dep't of Education*, 255 F.R.D. 59 (E.D.N.Y. 2008)..................5,9

*Fink v. Time Warner Cable*, 08-cv-09628 LTS (S.D.N.Y. July 23, 2009)........................9

*Foti v. NCO Fin. Sys.*, 04-cv-00707 RJS,
    2008 U.S. Dist. LEXIS 16511 (S.D.N.Y. Feb. 20, 2008)....................................4,8

*Handschu v. Special Servs. Div.*, 787 F.2d 828 (2d Cir. 1986)...................................15,16

*Jermyn v. Best Buy Stores*, L.P., 256 F.R.D. 418 (S.D.N.Y. 2009)..................................13

*Lyons v. Coxcom, Inc.,* 08-cv-2047 (S.D. Cal. Feb. 6, 2009)............................................9

*In re Medical X-Ray Film Antitrust Litig.*, 93-cv-5904,
    1998 U.S. Dist. LEXIS 14888 (E.D.N.Y. Aug. 7, 1998)....................................10

*Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950).......................15,16

*In re Painewebber Ltd. Pshps. Litig.,* 171 F.R.D. 104 (S.D.N.Y. 1997).................8,10,11

*In re Prudential Secs. Inc. Ltd. P'ships Litig.*, 164 F.R.D. 362 (S.D.N.Y. 1996)...…......16

*Robidoux v. Celani*, 987 F.2d 931 (2d Cir. 1993)..............................................................13

*In re Sony SXRD Rear Projection TV Class Action Litig.,* 06-cv-5173 RPP,
    2008 U.S. Dist. LEXIS 36093 (S.D.N.Y. May 1, 2008).........................................5

*Spann v. AOL Time Warner Inc.*, 02-cv-8238 DLC,
    2008 U.S. Dist. LEXIS 10848 (S.D.N.Y. June 7, 2005).........................................5

*In re Veeco Instruments Secs. Litig.*, 05-MDL-1695 CM,
   2007 U.S. Dist. LEXIS 85629 (S.D.N.Y. Nov. 7, 2007)........................................6

*In re Vivendi Universal, S.A.*, 242 F.R.D. 76 (S.D.N.Y. 2007)............................17

*In re Warner Communications Sec. Litig.*, 618 F. Supp. 735 (S.D.N.Y. 1985)............4,12

*Weigner v. The City of New York*, 852 F.2d 646 (2d Cir. 1988)........................16

## **Other**

Fed. R. Civ. P. 23...................................................................13

*Manual for Complex Litigation (Third)* (West ed. 1995)(MCL)........................2

*Manual for Complex Litigation (Fourth)*(Moore's ed. 2004)...........................2

*http://www.pewinternet.org/trends /user_Demo_2.15.08.htm*...........................17

Plaintiff Sabrina Chin ("Plaintiff" or "Chin" or "Named Plaintiff") respectfully submits this Memorandum of Points and Authorities in Support of Plaintiff's Unopposed Motion for Preliminary Approval of the Class Settlement pursuant to Rule 23 of the Federal Rules of Civil Procedure.

## PRELIMINARY STATEMENT

Defendant RCN Corporation ("Defendant" or "RCN") provides Internet service to Plaintiff and other consumers. Defendant represented to Plaintiff and others that it provided a high quality service, namely that it was uncapped and of high-speed. The Complaint in this action alleges that Defendant engaged in certain peer-to-peer ("P2P")[1] network management practices that adversely affected consumers' use and experience of the Internet so that they did not receive the high-speed, uncapped service that was promised.

After almost a year of litigation, Plaintiff and Defendant have reached agreement on settling this matter that achieves the main goal of Plaintiff's action -- injunctive relief that guarantees consumers will in fact receive the uncapped and high-speed Internet service promised by RCN. This achievement is significant for both average consumers, who will now receive the service promised, as well as more technically sophisticated users who invent and explore new applications on the Internet to further advance the development of technology and human innovation.

Specifically, pursuant to the Class Settlement Agreement ("Settlement"), a copy of which is attached as Exhibit "1" to the Declaration of Michael R. Reese filed herewith, Defendant has agreed to the following to settle the above-captioned litigation:

---

[1] P2P is a use of the Internet that relies on the cumulative bandwidth of participants to transfer information.

1.    RCN will cease and desist use of all P2P specific and non-P2P specific congestion Network Management Practices for a period of eighteen months; and

2.    RCN will have an RCN officer or executive periodically certify that RCN is in compliance with this significant injunctive relief; and

3.    RCN will subject itself to and pay for an independent monitor to assure compliance with this injunctive relief.

Furthermore, as part of the settlement, Defendant will bear all the cost of the settlement, including the cost of notice to be sent to Class Members through a combination of direct mail, e-mail and publication notice.

Plaintiff and her counsel, after consultation with the leading expert in the field, submit that this Settlement is more than fair, reasonable and adequate, and, in fact, is a very important advancement for users to realize the full capacity and promise of the Internet. However, in determining whether preliminary approval is warranted here, the issue before the Court is not whether the Settlement is a step forward for innovation and technology or the best settlement possible. Rather, the issue is whether the Settlement is within the range of what might be found fair, reasonable and adequate, so that notice of the Settlement should be given to class members and a hearing scheduled to consider final settlement approval. In other words, the Court is not required at this point to make a final determination as to the fairness of the Settlement. As stated in the *Manual for Complex Litigation (Third)*, § 23.14 (West ed. 1995)(MCL):

First, the court reviews the proposal preliminarily to determine whether it is sufficient to warrant public notice and a hearing. If so the final decision on approval is made after the hearing.

*Id.* at 171; *see also Manual for Complex Litigation (Fourth)* § 21.632-21.633 at 320-21 (Moore's ed. 2004) ("Review of a proposed class action settlement generally involves

2

two hearings. First, counsel submit the proposed terms of the settlement and the judge makes a preliminary fairness evaluation…Once the judge is satisfied as to the certifiability of the class and the results of the initial inquiry into the fairness, reasonableness and adequacy of the settlement, notice of a formal Rule 23(e) fairness hearing is given to class members").

Since the settlement here meets the foregoing criteria and is well within the range of what might be approved as fair, reasonable and adequate, Plaintiff asks this Court to enter an Order: (1) granting preliminary approval of the Settlement; (2) certifying the proposed plaintiff class ("Class") for purposes of the Settlement; (3) directing that the Class be given notice of the pendency of this action and the Settlement in the form and manner proposed below; (4) scheduling a hearing at which the Court will consider the parties' motion for final approval of the Settlement and entry of their proposed final judgment; and (5) scheduling a hearing on class counsel's application for an award of attorney's fees and reimbursement of costs and request for approval of payment to the Named Plaintiff for reimbursement for her time, costs and expenses spent in representing the Class.

## STATEMENT OF FACTS

On August 19, 2008, Sabrina Chin filed an action in the United States District Court for the Southern District of New York captioned *Chin v. RCN Corporation*, civil action no. 1:08-CV-7349 RJS ("Complaint" or the "Litigation").

The Complaint asserts that RCN misrepresented the quality of the broadband Internet service it provided to subscribers due to RCN's inadequately disclosed network management practices that adversely affected consumers' use of the Internet. The

Complaint asserted causes of action for violation of the Computer Abuse and Fraud Act, 18 U.S.C. § 1030 *et seq.*; Virginia's Consumer Protection Act, Va. Code § 59.1, *et seq.*; common law fraud; breach of contract; breach of the implied covenant of good faith and fair dealing; and unjust enrichment.

After service of the Complaint on Defendant, the Parties engaged in discovery. Each Party served discovery requests - document requests and interrogatories - and each side responded to those discovery requests. Plaintiff also retained a leading expert in the field who consulted with Plaintiff and her counsel throughout the litigation. Defendant cross-examined Plaintiff's expert. Class Counsel also cross-examined Defendant's in-house technical specialists regarding Defendant's network management practices at issue in the litigation.

On May 14, 2009, the Parties, their experts, and the Parties' respective counsel met before the Hon. Richard J. Sullivan for a settlement conference. On June 19, 2009, after the discovery and settlement negotiations between the Parties, which required the Court's involvement as previously stated, the Parties agreed to a settlement term sheet that is incorporated in the Settlement Agreement presented here.

## ARGUMENT

Rule 23(e) of the Federal Rules of Civil Procedure requires court approval of any class action settlement. The Court's inquiry is not to be a trial on the merits, but rather is to focus on whether the settlement is "fair, reasonable and adequate and not the product of collusion." *Foti v. NCO Fin. Sys.*, 04-cv-00707 RJS, 2008 U.S. Dist. LEXIS 16511, *13 (S.D.N.Y. Feb. 20, 2008) (approving injunctive relief class action settlement); *see also In re Warner Communications Sec. Litig.*, 618 F. Supp. 735, 740 (S.D.N.Y. 1985)

("to withstand judicial scrutiny, the settlement need only be fair, reasonable and adequate").

The Second Circuit has provided a non-exhaustive list of factors to consider in reviewing a settlement proposal. These factors, often called the *Grinnell* factors after the Second Circuit case that established them, are as follows:

1.    the complexity, expense and likely duration of the litigation;

2.    the reaction of the class to the settlement;

3.    the stage of the proceedings and the amount of discovery completed;

4.    the risks of establishing liability;

5.    the risks of establishing damages;

6.    the risks of maintaining the class action through the trial;

7.    the ability of the defendant to withstand a greater judgment;

8.    the range of reasonableness of the settlement in light of the best possible recovery; and

9.    the range of reasonableness of the settlement recovery in light of all the attendant risks of litigation.

*Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974); *see also D.S. v. New York City Dep't of Education*, 255 F.R.D. 59, 77 (E.D.N.Y. 2008) (discussing and applying *Grinnell* factors and approving motion for class action settlement); *Spann v. AOL Time Warner Inc.*, 02-cv-8238 DLC, 2008 U.S. Dist. LEXIS 10848, *21, (S.D.N.Y. June 7, 2005) (same).

It is also appropriate "to examine the negotiating process leading up to the settlement." *In re Sony SXRD Rear Projection TV Class Action Litig.*, 06-cv-5173 RPP,

2008 U.S. Dist. LEXIS 36093, *12 (S.D.N.Y. May 1, 2008) (approving class action settlement). The proper inquiry in this regard is whether the settlement was achieved through "arm's length negotiations by counsel who have the experience and ability . . . necessary to effective representation of the class's interests." *In re Veeco Instruments Secs. Litig.,* 05-MDL-1695 CM, 2007 U.S. Dist. LEXIS 85629, *35 (S.D.N.Y. Nov. 7, 2007).

Finally, "[i]t is well settled that in the judicial consideration of proposed settlements, the [trial] judge does not try out or attempt to decide the merits of the controversy…". *Grinnell,* 95 F.2d at 456.

Here, as seen below, the proposed settlement meets all applicable standards of being fair, reasonable and adequate and should therefore be preliminarily approved.

### 1.    <u>Summary of Settlement Terms</u>

Pursuant to the Settlement entered into by the Parties, Defendant has agreed to the following: (1) cease and desist use of all Network Management Practices that target P2P use for a period of eighteen months starting on May 1, 2009 - *i.e.,* the date that RCN stopped using P2P targeted network management practices as a result of this lawsuit; (2) not engage in any Non-P2P Network Management Practices for a period of eighteen months starting on April 1, 2008 - *i.e.,* the date from which RCN affirms it has not engaged in any Non-P2P congestion Network Management Practices; (3) periodically provide Class Counsel with a written certification from an appropriate RCN officer or executive stating that RCN has complied with the injunctive relief stated above; (4) subject itself to and pay for an independent monitor to assure compliance with the injunctive relief; (5) give consumers advanced notice of any congestion network

management practices after the end of the Non-P2P congestion Network Management Practices Injunctive Period and allow consumers to leave RCN without penalty; and (6) pay for the cost of notice. In exchange for the foregoing, Defendant will receive a General Release from each Settlement Class member of all claims arising from subscribing to RCN's broadband Internet service that are or could have been asserted in this litigation that relate to network management practices.

### 2.     The Settlement Terms Are Fundamentally Fair, Reasonable, and Adequate

Counsel for Plaintiff and the Class have substantial experience in class action litigation, specializing in consumer fraud class action litigation. In their view, the Settlement at this juncture is fundamentally fair, reasonable, and adequate when analyzed against the Second Circuit criteria set out in *Grinnell* that are discussed below.

### a.     The Complexity, Expense, and Likely Duration of the Litigation

Should the Settlement not be approved, further litigation would result over class certification, anticipated summary judgment motions, anticipated expert testimony, and trial. Any such decision reached on these issues would probably lead to an appeal. While the continuation of the litigation in this matter would not likely result in an increased benefit to the Class, it would lead to a substantial expenditure in costs by both Parties. This is so for two significant reasons.

First, should this matter proceed and Plaintiff prevail at a trial, Defendant will no doubt appeal to the Second Circuit resulting in further burden, expense, and delay to the parties.

Second, the chief aim of Plaintiff's action was to enjoin Defendant from engaging in Network Management Practices that adversely affect RCN subscribers. The Settlement achieves this significant goal. The Settlement also requires RCN to give consumers advanced notice of any new congestion network management practices after conclusion of the injunctive period. Additionally, Plaintiff's action has resulted in Defendant agreeing to subject itself to and pay for an Independent Monitor to assure compliance with this significant injunctive relief. The Class is unlikely to receive any additional injunctive relief after a full trial which will exceed the benefits provided for in the Settlement. *See e.g. Foti*, 2008 U.S. Dist. LEXIS 16511 at *12 (approving class settlement based upon injunctive relief).

### b.   Reaction of the Class to the Settlement

It is premature to address this factor until the time to opt out of the Class expires.

### c.   Stage of the Proceedings and the Amount of Discovery Completed

"The stage of the proceedings and the amount of discovery completed at the time a Settlement is reached is relevant to the parties' knowledge of the strengths and weaknesses of the various claims in the case, and consequently affects the determination of the settlement's fairness." *In re Painewebber Ltd. Pshps. Litig.,* 171 F.R.D. 104, 126 (S.D.N.Y. 1997).

Here, Class Counsel have had the opportunity to conduct, and have conducted, discovery relating to the claims alleged in the Complaint, including propounding discovery requests and interrogatories, and questioning RCN technical specialists about the network management practices at issue here. Additionally, Class Counsel retained a highly regarded and experienced expert in the field - Peter Eckersley (the person who

first discovered the type of adverse network management practices at issue here) - who worked closely with Plaintiff's Counsel in investigating and developing the litigation.

Therefore, in light of said investigation and discovery, Class Counsel "has had sufficient information to act intelligently on behalf of the class," which weighs in favor of approval of the Settlement. *D.S.*, 255 F.R.D. at 77.

### d. The Risks of Establishing Liability

"If settlement has any purpose at all, it is to avoid a trial on the merits because of the uncertainty of the outcome." *Banyai v. Mazur,* 00-cv-9806 SHS, 2007 U.S. Dist. LEXIS 22342, *29 (S.D.N.Y. Mar. 27, 2007). The Complaint asserts causes of action for violation of the Computer Abuse and Fraud Act, 18 U.S.C. § 1030 *et seq.*; Virginia's Consumer Protection Act, Va. Code § 59.1, *et seq.*; common law fraud; breach of contract; breach of the implied covenant of good faith and fair dealing; and unjust enrichment. In the absence of the Settlement being approved, substantial exposure would exist for both Parties in litigating these claims at trial. In fact, similar actions that asserted similar claims based upon similar alleged misconduct have been dismissed even before reaching trial. *See Fink v. Time Warner Cable*, 08-cv-09628 LTS (S.D.N.Y. July 23, 2009) (dismissing complaint based upon P2P network management practices); *Lyons v. Coxcom, Inc.*, case no. 08-cv-2047 (S.D. Cal. Feb. 6, 2009) (same).

### e. The Risks of Establishing Damages

"The amount of recovery Plaintiffs would have if they prevailed at trial is uncertain. In class actions, the complexities of calculating damages increase geometrically…This complex issue would necessitate the use of expert witnesses to determine the existence and amount of actual damages." *Chatelain v. Prudential-Bache*

*Sec.*, 805 F. Supp. 209, 214 (S.D.N.Y. 1992). Here, as stated above, the primary goal of this action was injunctive relief - *i.e.*, guarantee that consumers received uncapped ability to use the Internet. That significant goal has been accomplished through the Settlement presented here without having to calculate damages.

### f.   Risks of Maintaining the Class Action Through the Trial

Plaintiff submits that this action is properly maintained as a class action as the numerosity, commonality, typicality and adequacy of representation requirements under Federal Civil Procedure Rule 23(a) are met. Here, the Parties stipulated to class certification for settlement purposes. However, if the class action were to be litigated as a result of the Settlement not being approved, it is likely that Defendant would oppose certification. *See In re Medical X-Ray Film Antitrust Litig.,* 93-cv-5904, 1998 U.S. Dist. LEXIS 14888, *14 (E.D.N.Y. Aug. 7, 1998) (possibility that defendants would challenge maintenance of class in absence of settlement was considered risk to the class and potential recovery). Additionally, the complexity, expense, and duration of the litigation as described above are other factors weighing in favor of approving the Settlement.

### g.   The Ability of the Defendant to Withstand a Greater Judgment

The ability of the defendant to pay a judgment greater than the amount offered in a settlement can be relevant to the Court's determination of the Settlement's fairness. *Painewebber*, 171 F.R.D. at 129. In particular, evidence that the defendant will not be able to pay a larger award at trial tends to weigh in favor of approval of a settlement, since the prospect of a bankrupt judgment debtor at the end of the road does not satisfy anyone involved in the use of class action procedures. *Id.* However, the converse is not necessarily true; *i.e.*, the fact that a defendant is able to pay more than it offers in

10

settlement does not, standing alone, indicate that the settlement is unreasonable or inadequate. *Id.*

Here, the Settlement is injunctive in nature, achieves the main goal of Plaintiff's action -- to enjoin Defendant from engaging in practices that adversely affect RCN subscribers' ability to use the Internet. As discussed above, the Class would not receive greater injunctive relief if the case proceeded to trial. Accordingly, the ability of Defendant to withstand a greater judgment is not a factor here.

**h.** **The Range of Reasonableness of the Settlement in Light of the Best Possible Recovery and in Light of All Attendant Risks of Litigation**

Fundamental to analyzing a settlement's fairness is the need to compare the terms of the compromise with the likely rewards of litigation. This determination is not susceptible to a mathematical equation yielding a particularized sum, but turns on whether the settlement falls within a range of reasonableness. The adequacy of the settlement offered must be judged not in comparison with the best possible recovery in the best of all possible worlds, but rather in light of the strengths and weaknesses of the plaintiff's case. However, as noted above, it is not necessary in making this determination for the Court to try the case which is before it for settlement, since such a procedure would undermine the very purpose for which settlements are made. Rather, the Court is called upon to consider and weigh the nature of the claim, the possible defenses, the situation of the parties, and the exercise of business judgment in determining whether the proposed settlement is reasonable. *Id.* at 130.

Here, taking into account the risks and benefits outlined above, the proposed settlement falls within this "range of reasonableness". Accordingly, the Parties have

achieved the best possible recovery considering the merits of the proposed Settlement weighed against the cost of further litigation.

### j.   Arm's-Length Negotiations

This Settlement was reached through arm's-length negotiations by fully qualified counsel. Counsel have labored to reach a fair resolution, with the utmost adherence to their ethical obligations to client and members of the Class alike. *Warner,* 618 F. Supp. at 746 ("It is not for this Court to substitute its judgment as to a proper settlement for that of such competent counsel in view of the fairness of the settlement to the class members"). Underscoring this fact is the involvement this Court had in mediating a settlement between the Parties at a settlement conference at which Plaintiff, Class Counsel, Plaintiff's expert, RCN and its counsel and technicians participated.

### 3.   Certification of the Proposed Class for Purposes of Preliminary Settlement is Appropriate

### a.   The Requirements of Rule 23(a) are Satisfied

Before an action may be certified as a class action, the following requirements of Rule 23(a) must be satisfied:

(a)   the class is so numerous that joinder of all members is impracticable;

(b)   there are questions of law or fact common to the class;

(c)   the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(d)   the representative parties will fairly and adequately protect the interests of the class.

As set forth below, these requirements have been satisfied.

### i.   The Class is Sufficiently Numerous

Rule 23(a)(1) requires that plaintiff demonstrates the class is so numerous that joinder of all members is impracticable. Fed. R. Civ. P. 23(a)(1). For purposes of Rule 23(a)(1), "[i]mpracticable does not mean impossible." *Robidoux v. Celani*, 987 F.2d 931, 935 (2d Cir. 1993) (citation omitted). Here, discovery has shown there to be approximately 300,000 class members. The threshold for a presumption of impracticality of joinder is therefore easily exceeded.

### ii.   Common Questions of Law or Fact Exist

In order to maintain a class action, there must be "questions of law or fact common to the class[.]" Fed. R. Civ. P. 23(a)(2). The Second Circuit construes commonality liberally. *See Jermyn v. Best Buy Stores*, *L.P.*, 256 F.R.D. 418, 429 (S.D.N.Y. 2009) ("Rule 23(a)(2) does not require the plaintiff to demonstrate that the class members' claims are identical"). "The commonality requirement may be met where the individual circumstances of class members differ, but their injuries derive from a unitary course of conduct by a single system." *Id.*

Here, the commonality requirement is easily satisfied as RCN made uniform representations during the Class Period as to the quality of its broadband Internet service and used uniform network management practices that are alleged in the Litigation to have contradicted these uniform representations.

### iii.   Plaintiff's Claims are Typical of Those of the Class

"When it is alleged that the same unlawful conduct was directed at or affected both the named plaintiff and the class sought to be represented, the typicality requirement is usually met irrespective of minor variations in the fact patterns underlying individual

claims." *Robidoux*, 987 F.2d at 937.

The Named Plaintiff's claims, which arise from the same course of conduct and are predicated on the same legal theories as the claims of all other class members, easily satisfy the typicality requirement of Rule 23(a).

### iv.    Plaintiff is More Than an Adequate<br>Representative of the Class

The adequacy requirement "serves to uncover conflicts of interest between named parties and the class they seek to represent." *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 625 (1997). The factors relevant to a determination of adequacy are: (1) the absence of potential conflict between the named plaintiff and the class members; and (2) that counsel chosen by the representative parties is qualified, experienced and able to vigorously conduct the proposed litigation. *In re Drexel Burnham Lambert Group*, 960 F.2d 285, 291 (2d Cir. 1992).

In this case there are no conflicts between the Named Plaintiff and absent class members. The class representative is adequate as demonstrated by the fact that she has diligently monitored this Litigation, including the proposed Settlement that is presently before the Court. Underscoring this fact is the Plaintiff's personal participation in the settlement conference held by this Court on May 14, 2009. Thus, the representative for the Class has clearly shown that she is more than adequate. Furthermore, Plaintiff's counsel are experienced class action attorneys, who have qualified as lead counsel in other class actions. Plaintiff's counsel have a proven track record in the prosecution of class actions and have successfully litigated many major class action cases.

**b.**      **The Requirements of Rule 23(b)(3) are Also Satisfied**

Rule 23(b)(3) authorizes certification where, in addition to the prerequisites of Rule 23(a), common questions of law or fact predominate over any individual questions and a class action is superior to other available means of adjudication. *Amchem*, 521 U.S. at 618. This case easily meets these requirements. Indeed, as the Supreme Court stated in *Amchem* "[a]mong current applications of Rule 23(b)(3), the 'settlement only' class has become a stock device." *Id.*

**i.**      **Common Legal and Factual Questions Predominate in This Action**

"Predominance is a test readily met in certain cases alleging consumer or securities fraud or violations of the antitrust laws." *Id.* at 625. In this case, Defendant's alleged liability arises from its representations of material facts regarding the quality of its broadband Internet service. This is the central issue in the case and it predominates over any individual issues that theoretically might exist.

**ii.**      **A Class Action is the Superior Means to Adjudicate Plaintiff's Claims**

The second prong of Rule 23(b)(3) is essentially satisfied by the Settlement itself. As explained in *Amchem*, "[c]onfronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems…for the proposal is that there be no trial." *Id.* at 620. Thus, any manageability problems that may have existed here – and the Lead Plaintiff knows of none – are eliminated by the Settlement.

4.     **The Proposed Notice Proposed Here is Proper and Satisfies FRCP 23**

The Court is given broad power over which procedures to use for providing notice so long as those procedures are consistent with the standards of reasonableness imposed by the due process clause. *Handschu v. Special Servs. Div.*, 787 F.2d 828, 833 (2d Cir. 1986) (holding the District Court "has virtually complete discretion as to the manner of giving notice to class members"). As the Supreme Court stated in *Mullane v. Central Hanover Bank & Trust Co*., 339 U.S. 306, 314 (1950), the threshold requirement concerning the adequacy of class notice to absent class members is whether due process is met through "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* at 304.

"It is widely recognized that for the due process standard to be met it is not necessary that every class member receive actual notice, so long as class counsel acted reasonably in selecting means likely to inform persons affected." *In re Prudential Secs. Inc. Ltd. P'ships Litig.*, 164 F.R.D. 362, 368 (S.D.N.Y. 1996); *see also Weigner v. The City of New York*, 852 F.2d 646, 649 (2d Cir. 1988) ("the proper inquiry is whether [class counsel] acted reasonably in selecting means likely to inform persons affected, not whether each [class member] actually received notice"); *Buxbaum v. Deutsche Bank AG*, 216 F.R.D. 72, 80 (S.D.N.Y. 2003) ("Fed. R. Civ. P. 23(c)(2) provides that the court shall direct to the members of the class the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort").

Here, RCN is providing Class Members the best possible notice -- actual notice -- by individually notifying RCN subscribers directly. RCN at its own expense specifically agrees it shall send notice of the class settlement to Class Members by e-mail, where e-mail addresses have been provided to RCN by the Class Members, and by first-class mail where no e-mail address has been provided. In addition, publication notice of the Settlement on the World Wide Web will be simultaneously provided. *See In re Vivendi Universal, S.A.,* 242 F.R.D. 76, 107-08 (S.D.N.Y. 2007) (approving of publication notice in addition to actual notice). In particular, a copy of the Class Settlement Agreement, preliminary order approving the Settlement and Class Notice shall be posted on the Internet. Recent studies have shown that the vast majority of Americans log on the Internet on a daily basis, and obtain news and other information from the Internet. *See e.g. http://www.pewinternet.org/trends /user_Demo_2.15.08.htm* (report by the Pew Internet Project stating that 92% of adults between 18-29 use the Internet). Combined, the actual notice via electronic or U.S. mail and publication notice on the Internet are calculated to reach the largest number of class members possible and is therefore the "best notice practicable under the circumstances".

## CONCLUSION

For the reasons stated above, the Parties respectfully request that the Court preliminarily approve the Settlement and order notice thereof.

Respectfully submitted,

Dated: July 31, 2009

**REESE RICHMAN LLP**

By: */s/ Michael R. Reese*
    Michael R. Reese
    Kim E. Richman
    Belinda L. Williams
    875 Avenue of the Americas, 18th Floor
    New York, New York 10001
    Telephone: (212) 579-4625
    Facsimile: (212) 253-4272

*Attorneys for Plaintiff Sabrina Chin*
*and the Proposed Class*