**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SABRINA CHIN, on behalf of herself and all others similarly situated ) ) ) | Civil Action No. 1:08-CV-7349 RJS |
| Plaintiff, ) ) | Hon. Richard J. Sullivan |
| vs. ) ) | |
| RCN CORPORATION ) ) | **[PROPOSED] ORDER APPROVING SETTLEMENT AND PROVIDING FOR NOTICE** |
| Defendant. ) ) ) | |

This matter having come before the Honorable Richard J. Sullivan; and it appears to the Court that this action (the "Action") has been filed as a putative class action; and it further appears that an unopposed motion has been made for an order approving settlement of this Action in accordance with a Class Action Settlement Agreement dated July 31, 2009 (the "Agreement") which, together with the exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of the Action and for dismissal of the Action with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Agreement and exhibits annexed thereto; and good cause being shown for the making and granting of this Order,

It is this __ day of August, 2009 HEREBY ORDERED as follows:

1. All capitalized terms not otherwise defined herein shall have the meanings set forth in the Agreement.

2. Pursuant to Fed. R. Civ. P. 23, the Court preliminarily certifies, for purposes of effectuating this settlement only, a Settlement Class of all persons in the United States who, between August 19, 2003 and July 31, 2009 subscribed to RCN's broadband Internet service. Excluded from the Settlement Class are persons who will have timely and validly opted out of the Settlement Class pursuant to section 6 of the Agreement.

3. Plaintiff Sabrina Chin is hereby appointed class representative. Michael R. Reese of Reese Richman LLP is hereby appointed class counsel.

4. With respect to the Settlement Class, this Court preliminarily finds and concludes that: (a) the members of the Settlement Class are so numerous that joinder of all Settlement Class members in the Action is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual

questions; (c) the claims of the class representative are typical of the claims of the Settlement Class; (d) the class representative and her counsel have fairly and adequately represented and protected the interests of all of the Settlement Class members; and (e) a class action is superior to other methods for the fair and efficient adjudication of this matter.

5. The Court does hereby preliminarily approve the Agreement and the settlement set forth therein as fair, reasonable, adequate and in the interests of the Settlement Class as a whole, subject to further consideration at the Settlement Hearing described below.

6. A hearing (the "Settlement Hearing") shall be held before this Court on _____ __, 2009 at Courtroom 21C at the U.S. District Court at 500 Pearl Street, New York, New York, to determine whether the proposed settlement of the Action on the terms and conditions provided for in the Agreement is fair, reasonable, and adequate to the Settlement Class and should be approved by the Court; to determine the amount of counsel fees and expenses to be awarded to Class Counsel; and, to determine whether the Class Representative, Sabrina Chin, shall receive $3,000 for her time, costs and expenses that occurred through her representation of the Class.

7. The Court approves as to form and content the Class Notice (the "Notice") annexed as Exhibit A to the Agreement; and finds that actual notice and notice by publication on the Internet in the manner and form set forth in Section 7(a) and (b) of this Order meets the requirements of Fed. R. Civ. P. 23 and of due process of law, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.

(a) Within forty-five (45) days after the date of this Order, RCN shall, at its own expense, send the Notice to Class Members by e-mail, where e-mail addresses have been provided to RCN by the Class Members, and by first-class mail where no e-mail address has been provided.

(b) Within forty-five (45) days after the date of this Order, a copy of the Settlement Agreement, the Preliminary Approval Order approving the settlement and the Class Notice shall be posted on RCN's website, or another website agreed to by the Parties, and the text of the Class Notice shall be available for downloading via the Internet.

8. Any potential member of the Settlement Class may request exclusion from the Settlement Class. Such request for exclusion must be postmarked on or before _____ __, 2009 (*i.e.* twenty-one (21) days before the hearing date on final approval set above in this Order), and otherwise comply with the requirements set forth in the Notice. All members of the Settlement Class who do not request exclusion therefrom in the manner provided herein may, but need not, enter an appearance in this Action *pro se* or through counsel of their own choice, in the manner provided herein. If they do not enter an appearance in the manner provided herein, they will be represented by Class Counsel.

9. (a) Any member of the Settlement Class who does not request exclusion may file papers supporting or objecting to the proposed settlement by filing with the Court and mailing to Class Counsel and to counsel for RCN by first-class mail postmarked not later than _____ __, 2009 (*i.e.* twenty-one (21) days before the hearing date on final approval set above in this Order), a written statement of support or objection which must set forth: (i) an identification of the action, *Chin v. RCN Corporation*; (ii) the Settlement Class

member's full name, address, and subscriber information regarding the type of service package purchased and dates of subscription; and (iii) the specific reasons for the objection, and any evidence of legal authority the Settlement Class member believes supports the objection. Any member of the Settlement Class who does not make his or her objection in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed settlement as incorporated in the Agreement unless otherwise ordered by the Court.

(b) Any member of the Settlement Class who files a written statement of support of or objection to the settlement in accordance with Section 9(a) hereof may appear at the Settlement Hearing, at his or her own expense, either personally or through counsel, in support of or opposition to the settlement; provided, however, that no Settlement Class member shall be heard unless he or she files with the Clerk of the Court, and mails to Class Counsel and Counsel for RCN, a notice of appearance together with any other written materials to be presented to the Court. Notices of appearance and written materials to be presented to the Court must be postmarked no later than _____, 2009 (*i.e.* twenty-one (21) days before the hearing date on final approval set above in this Order). Any Settlement Class member who does not enter an appearance will be represented by Class Counsel.

10. Until the Settlement Hearing, neither Plaintiff, nor any members of the Settlement Class, whether directly, representatively, derivatively, or in any other capacity, shall commence, prosecute, or participate in (actively or inactively) any action

or proceeding in any court or tribunal asserting any of the Related Claims against any of the Released Parties.

11. Except as provided in this Agreement, the Action is stayed pending the Court's decision on the fairness of the proposed settlement.

12. All papers, including memoranda to be filed by the parties in support of the settlement, Class Counsel's application for attorney's fees and reimbursement of expenses shall be served and filed by _____, 2009 (*i.e.* twenty-eight (28) days before the hearing on final approval set above in this Order). Responses to these papers shall be served and filed by _____, 2009 (*i.e.* twenty-one (21) days before the hearing on final approval set above in this Order).

13. The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the members of the Settlement Class and retains jurisdiction to consider all further applications concerning the proposed settlement. The Court may approve the settlement, with such modifications as may be agreed to by the parties, if appropriate, with further notice to the Settlement Class.

_____
Richard J. Sullivan
United States District Judge