*Sullivan, J*

**REESE RICHMAN LLP**
Michael R. Reese
michael@reeserichman.com
Kim E. Richman
kim@reeserichman.com
Belinda L. Williams
belinda@reeserichman.com
875 Sixth Avenue, 18th Floor
New York, New York 10001
Telephone: (212) 579-4625
Facsimile: (212) 253-4272
*Attorneys for Plaintiffs*

**BINGHAM McCUTCHEN LLP**
Peter C. Neger
Peter.neger@bingham.com
Derek Care
Derek.care@bingham.com
399 Park Avenue
New York, New York 10022-4689
Telephone (212) 705-7226
Facsimile: (212) 702-3616
*Attorneys for Defendant*

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/25/09
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SABRINA CHIN, on behalf of herself and all others similarly situated,<br><br>　　　　　　　　Plaintiffs,<br>vs.<br>RCN CORPORATION,<br>　　　　　　　　Defendant. | Civil Action No. 1:08-CV-7349 (RJS)<br><br>**AGREEMENT AND ORDER GOVERNING THE TREATMENT OF CONFIDENTIAL INFORMATION BY PETER ECKERSELY, AS INDEPENDENT SETTLEMENT MONITOR** |

A/73138170.2

WHEREAS, the parties to this class action (the "Action") have entered into a settlement agreement (the "Settlement Agreement") which has been approved by the Court; and

WHEREAS, pursuant to the Settlement Agreement, the parties have agreed to the appointment of Peter Eckersley ("Eckersley") to serve as the independent settlement monitor (the "Independent Monitor") to assure compliance by defendant RCN Corporation ("RCN") with specified terms of the Settlement Agreement, and the Court has appointed Eckersley to serve as Independent Monitor for that purpose; and

WHEREAS, in his capacity as Independent Monitor, Eckersley will be provided with access to confidential and proprietary documents and other information belonging to RCN (including, but not limited to, technical and operational information regarding the operations of the RCN broadband Internet network) (collectively, "RCN Confidential Information"); and

WHEREAS, Eckersley is a full-time employee of the Electronic Frontier Foundation (EFF), represents that the EFF has authorized him to serve as the Independent Monitor in this Action and further represents that both he and the EFF understand that no other persons employed by the EFF shall have any role in connection with the discharge of his duties as Independent Monitor and no other persons employed by the EFF shall have access to any RCN Confidential Information; and

WHEREAS, the parties and the Independent Monitor wish to protect any such RCN Confidential Information shared with or made available to the Independent Monitor from dissemination to or use by unauthorized persons or from use by the Independent Monitor for purposes which are not authorized by the Settlement Agreement;

THE PARTIES AND THE INDEPENDENT MONITOR AGREE AS FOLLOWS:

1. Prior to providing any information to the Independent Monitor, RCN shall be entitled to designate any documents and/or other information that it reasonably believes to be con-

2

A/73138170.2

fidential and/or proprietary to RCN as RCN Confidential Information. To designate documents as RCN Confidential Information, RCN shall label or mark the document(s) with an appropriate legend (e.g., "RCN Confidential Information"). To designate oral communications as RCN Confidential Information, the RCN speaker shall advise Eckersley by email within 24 hours following the conversation that some or all of the information imparted during the conversation is RCN Confidential Information and shall identify in reasonable detail the information that is so designated by RCN.

2. Any RCN Confidential Information produced subject to this Confidentiality Agreement and Order shall be used solely for the purposes of confirming RCN's compliance with the terms of the Settlement Agreement and shall not be used for any other purpose whatsoever.

3. RCN Confidential Information may only be disclosed to:

   (a) The Independent Monitor;

   (b) Counsel for the parties to the Action charged with the responsibility for and actively engaged in the conduct of this Action; and

   (c) Office personnel working under the direct supervision of counsel; and

   (d) The Court, court officials or other court employees (including court reporters) in the Action, if necessary, in connection with any proceedings to enforce the terms of the Settlement Agreement; *provided*, however, that any RCN Confidential Information disclosed to the Court shall be delivered to the Court under seal and shall not be placed in the public file unless the Court directs otherwise.

4. If any party to the Action or the Independent Monitor disputes whether a document or other information is properly designated as RCN Confidential Information, the parties to this Confidentiality Agreement and Order agree to attempt to resolve such dispute among themselves. The party who disputes the designation shall provide its reason(s) in writing to RCN

3

A/73138170.2

within ten (10) days after the document or information is provided to the Independent Monitor. RCN shall then have ten (10) days in which to respond in writing with its reason(s) for its designation. The parties will then confer and make reasonable efforts to resolve their differences. In the event the parties to this Confidentiality Agreement and Order are not able to resolve the dispute, the party who disputes the designation of the document and/or information as RCN Confidential Information shall apply to the Court to resolve the dispute. RCN shall bear the burden of demonstrating that the designation of materials as RCN Confidential Information was proper.

5. In the event that the Independent Monitor believes that it is necessary for him to disclose RCN Confidential Information to someone who is not authorized to receive RCN Confidential Information pursuant to the terms of this Confidentiality Agreement and Order, the Independent Monitor shall first consult with counsel for the parties to the Action in an effort to resolve the matter among themselves. In the event the parties to this Confidentiality Agreement and Order are not able to resolve a dispute regarding the need for the Independent Monitor to disclose RCN Confidential Information to someone who is not authorized to receive RCN Confidential Information hereunder, the Independent Monitor may apply to the Court to resolve the dispute. In such an event, the Independent Monitor shall bear the burden of demonstrating the necessity of disclosing the RCN Confidential Information.

6. Other than as specifically provided for herein, this Confidentiality Agreement and Order does not affect any legal right or privilege related to the documents and information subject to this agreement. Nothing in this Confidentiality Agreement and Order shall be construed as a waiver by RCN of the right to object to the subject matter or scope of any request for information made by the Independent Monitor. The execution of this Confidentiality Agreement and Order shall not be construed as an agreement by RCN to produce any documents or provide any information, and shall not constitute an admission by RCN that any document or information

4

A/73138170.2

which may exist is relevant in any way to the tasks assigned to the Independent Monitor. The scope of such tasks are as set forth in the Settlement Agreement and nothing set forth herein shall be deemed to vary the scope of or limits on the Independent Monitor's duties in any respect.

7. The Independent Monitor shall at all times safeguard any RCN Confidential Information in his possession, custody or control and take all steps reasonably necessary to prevent access to any RCN Confidential Information by any unauthorized persons, including but not limited to any other employees of the EFF.

8. RCN's inadvertent or unintentional disclosure of RCN Confidential Information, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver, in whole or in part, of any RCN's claim of confidentiality as to the specific information disclosed or as to other information relating to the same subject matter.

9. Unless otherwise agreed by RCN, within thirty (30) days following the end of the Cessation Period (as that term is defined in the Settlement Agreement), the Independent Monitor and any other person who has received RCN Confidential Information in accordance with this Confidentiality Agreement and Order shall return all copies of all RCN Confidential Information in the recipient's possession or control to RCN; *provided*, however, that counsel to the parties to the Action are entitled to retain a single archival copy of all documents filed with the Court, even if such materials contain RCN Confidential Information. All documents retained by counsel shall continue to be subject to this Confidentiality Agreement and Order after the termination of this Action.

10. Nothing in this Confidentiality Agreement and Order shall prevent or restrict RCN, its agents or its employees from using RCN Confidential Information in its sole and complete discretion.

5

A/73138170.2

11. Should the Independent Monitor or any party to the Action receive a request or subpoena for production or disclosure of any RCN Confidential Information, that person shall immediately give written notice to RCN and to its counsel, identifying the information sought and enclosing a copy of the subpoena or request. The recipient of the subpoena or other request shall not produce or disclose the requested RCN Confidential Information without consent of RCN unless: (a) RCN fails to seek relief from the subpoena or request in a timely manner; or (b) notwithstanding RCN's request for relief, production or disclosure is ordered by a court of competent jurisdiction.

12. No EFF Endorsement. The parties recognize that Eckersley is an employee of the EFF and that EFF, through Eckersley or otherwise, often participates in policy discussions and public debate related to facts at issue in the Litigation. The services provided by Eckersley as Independent Monitor pursuant to the Settlement Agreement are not, and shall not be construed or represented by the parties to this agreement to be, an endorsement by EFF or Eckersley of any of the strategy or factual or legal positions taken by Class Counsel or the ultimate disposition of the Action.

13. Ongoing EFF Projects including the Switzerland Network Testing Tool. The parties acknowledge that Eckersley, on behalf of EFF, is engaged in ongoing projects and advocacy related to issues that could relate to the Action. This specifically includes the ongoing development of the Switzerland Network Testing Tool and other related tools. The parties agree not to assert that any information they have provided to Eckersley inhibits his ability to continue his work on any EFF Projects.

14. By their signatures hereto, counsel for the parties hereby affirm that they have been authorized by their clients to enter into this Confidentiality Order and agree, on behalf of

A/73138170.2

6

themselves, their law firms and any staff or contract support personnel employed or retained by their firms, that they will strictly adhere to the terms of this Order.

Dated: New York, New York
September 1?, 2009

**REESE RICHMAN LLP**

By: _/s/ Michael R. Reese_
Michael R. Reese
875 Avenue of the Americas, 18th Floor
New York, New York 10001
Telephone: (212) 579-4625
Facsimile: (212) 572-4272

*Attorneys for Plaintiffs*

**BINGHAM McCUTCHEN LLP**

By: _/s/ Peter C. Neger_
Peter C. Neger
399 Park Avenue
New York, New York 10022-4689
Telephone: (212) 705-7226
Facsimile: (212) 702-3616

*Attorneys for Defendant*

_/s/ Peter Eckersley_
Peter Eckersley, Independent Monitor

**SO ORDERED:**

Dated: 9/25/09

_/s/ Richard J. Sullivan_
Richard J. Sullivan
UNITED STATES DISTRICT JUDGE