UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SABRINA CHIN, on behalf of herself and all others similarly situated,

                Plaintiff,

        -against-

RCN CORPORATION,

                Defendant.
------------------------------------------------------------X

**REPORT and RECOMMENDATION**

08 Civ. 7349 (RJS)(KNF)

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

## I. INTRODUCTION

The plaintiff, Sabrina Chin ("Chin"), brings this putative class action against the defendant, RCN Corporation ("RCN"), asserting various state-law causes of actions and a claim under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, et seq., arising from the defendant's allegedly undisclosed network management practices, which delayed and/or blocked certain Internet transmissions of its broadband service subscribers. Before the Court is the plaintiff's July 31, 2009 motion seeking: (1) certification of a settlement class; (2) preliminary approval of the proposed Class Action Settlement Agreement ("Agreement"); (3) approval of the proposed Notice of Pendency and Settlement of Class Action ("Notice"); and (4) a hearing date for final approval of the settlement agreement.[1]

---

[1] On January 22, 2010, the plaintiff filed another unopposed motion, seeking to amend both the proposed Class Action Settlement Agreement and Notice of Pendency and Settlement of Class Action, filed with the July 31, 2009 motion, to account for the recent agreement between the parties on attorney's fees and expenses. See Docket Entry No. 37. Rather than consider this filing a separate motion, the Court has relied on the new submissions in assessing the requests made in the July 31, 2009 motion. In other words, for the purpose of this Report and Recommendation, the "Class Action Settlement Agreement" or "Agreement" refers to Docket Entry No. 31-2, as amended by Docket Entry No. 37-2, and the "Notice of Pendency and Settlement of Class Action"
(continued...)

1

## II. BACKGROUND

The plaintiff initiated the instant action on August 19, 2008. The plaintiff alleges RCN represented, to consumers, that it provided "uncapped" broadband Internet service that was fast, when, in fact, it engaged in certain network management practices that blocked and slowed service. Specifically, the plaintiff alleges RCN delayed or prevented Internet transmissions that allow subscribers to share "free online files that contain movies, television shows, games, music and similar content."

Before achieving compromise, the parties engaged in a few months of pretrial discovery activities. The plaintiff served the defendant with one set of document demands and interrogatories, while the defendant served the plaintiff with two sets of document demands and one set of interrogatories. The plaintiff retained an expert, Peter Eckersley ("Eckersley"), early in the litigation. Eckersley is the "senior staff technician" for EFF, a non-profit organization, based in San Francisco, California, that defends "freedom on the Internet." Eckersley invented software, known as "Glasnot and Switzerland," to be able to detect whether an Internet service provider, such as RCN, is delaying or blocking certain Internet transmissions. RCN deposed Eckersley during the discovery period; and the plaintiff deposed two RCN technicians regarding the defendant's network management practices.

On May 14, 2009, your Honor held a settlement conference for the parties. Approximately one month later, the parties agreed to a settlement term sheet, which has been incorporated into the proposed Agreement. The parties met with the undersigned, on September 21, 2009, in an attempt to resolve their then-outstanding dispute over attorney's fees and expenses. Most recently, the Court

---

(...continued)
or "Notice" refers to Docket Entry No. 37-3 only.

held a preliminary fairness review hearing, on October 22, 2009.

The Agreement secures injunctive relief for the proposed settlement class. Under the terms and conditions of the Agreement, RCN will: (1) cease using all network management practices that affect or target peer-to-peer ("P2P") Internet traffic for a dedicated period; and (2) not engage in any "congestion network management practices," meaning those that do not target P2P Internet traffic only, for a separate period. RCN will self-monitor its compliance with the settlement and subject itself to independent monitoring during the designated cessation periods. The parties have agreed to appoint Eckersley the independent monitor. Should RCN implement any "congestion network management practice" during the cessation periods, it must provide its broadband Internet service subscribers at least 60 days notice and the ability to opt-out of their subscription plan, without penalty, within 30 days after the notice. Settlement class members, who do not opt-out of the agreement, agree to release RCN from "all claims . . . that are, or could have been, asserted" in the instant litigation. Through the proposed Agreement, RCN agrees not to object to an application, by "Class Counsel," for an award of: (1) attorney's fees of "up to" $520,000; and (2) expenses, in an amount not to exceed $20,000. Further, RCN agrees to pay Chin a $3,000 incentive award.

## III. DISCUSSION

### 1. Certification of Settlement Class

Although Fed. R. Civ. P. 23 does not explicitly provide for certifying settlement-only classes, the district court derives its authority to do so from Fed. R. Civ. P. 23(d), which authorizes the court to "issue orders that [] determine the course of proceedings." See 4 NEWBERG ON CLASS ACTIONS § 11:27 (4th ed.). "Before certification is proper for any purpose – settlement, litigation, or otherwise – a court must ensure that the requirements of Rule 23(a) and (b) have been met." Denney v. Deutsche Bank AG, 443 F.3d 253, 270 (2d Cir. 2006). "Rule 23(a) and (b) standards apply equally to certifying a class action for settlement or for trial, with one exception." MANUAL FOR COMPLEX

3

LITIGATION § 21.132 (4th ed.)(2004). "Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems," under Fed. R. Civ. P. 23(b)(3)(D). <u>Amchem Prods., Inc. v. Windsor</u>, 521 U.S. 591, 620, 117 S. Ct. 2231, 2248 (1997).

The plaintiff seeks certification of the following settlement class: All persons in the United States who subscribed for RCN broadband Internet service from August 19, 2003, through July 31, 2009. According to the plaintiff, information obtained during discovery reveals "there to be approximately 300,000 class members." The plaintiff seeks certification pursuant to Rule 23(b)(3). Further, she seeks appointment as the class representative and moves for Reese Richman LLP's appointment as class counsel.

Having reviewed the memorandum of law in support of motion to certify the settlement class, and considered supplemental information, provided to the Court, at the preliminary fairness review hearing, the Court finds the Rule 23(a) prerequisites are met. Further, it would be appropriate to certify the settlement class, pursuant to Rule 23(b)(3), and to appoint Chin as the class representative.[2] In addition, the Court finds the law firm Reese Richman LLP has demonstrated its adequacy to be appointed class counsel, pursuant to Rule 23(g).[3]

---

[2] On October 27, 2009, Chin submitted, to the Court, an affidavit, as evidence of the time she has expended in prosecuting this action. Chin has: (1) reviewed "drafts and the final version of the class action complaint filed against RCN"; (2) provided responses to document requests and interrogatories, served by RCN; (3) reviewed drafts of the settlement term sheet and the proposed Agreement; (4) met with Eckersley "for several hours" to discuss the litigation and proposed settlement; (5) attended a settlement conference with your Honor, on May 14, 2009; and (6) participated, via telephone, on September 21, 2009, in a settlement conference with the undersigned. Chin believes the proposed Agreement "is a very good settlement for consumers."

[3] Reese Richman LLP specializes in consumer fraud class action litigation. As of the date of the preliminary fairness review hearing, the firm employed five attorneys and had 30-40 class action litigations pending in various jurisdictions. Of those actions, three, excluding the instant action, were brought against Internet service providers that allegedly engaged in misconduct similar to that complained of in this case. None of the class actions the plaintiff's lead counsel, Michael R. Reese, Esq. ("Reese"), has been involved with has gone the distance to trial. Prior to opening his firm in 2006, Reese spent six years as a partner at a law firm, currently known as Milberg LLP. While at Milberg, Reese "prosecuted several class actions that
(continued...)

**2. Preliminary Approval of Settlement Agreement**

Preliminary approval is the first step in the settlement process, through which the district court determines "whether notice of the proposed settlement pursuant to Rule 23(e) should be given to class members . . . and an evidentiary hearing scheduled to determine the fairness and adequacy of the settlement." 4 NEWBERG ON CLASS ACTIONS § 11:25 (4th ed.); see In re Prudential Sec. Inc. Ltd. Partnership Litig, 163 F.R.D. 200, 209 (S.D.N.Y. 1995). To make this determination, the district court must evaluate whether the proposed settlement contains "obvious deficiencies, such as unduly preferential treatment of class representatives . . . or excessive compensation for attorneys," or whether it "appears to fall within the range of possible approval[.]" MANUAL FOR COMPLEX LITIGATION § 30.41 (3d ed.) (1995); see MANUAL FOR COMPLEX LITIGATION § 21.632 (4th ed.) (2004) (mentioning "inadequate compensation" of the class and "the need for subclasses" as circumstances which may cause the district court to doubt the fairness of a proposed settlement during a preliminary fairness review). Preliminary approval of a class action settlement "is not tantamount to a finding that the settlement is fair and reasonable." In re Traffic Executive Ass'n – Eastern Railroads, 627 F.2d 631, 634 (2d Cir. 1980). In fact, "a full fairness analysis is neither feasible nor appropriate" when evaluating a proposed settlement agreement for preliminary approval. Authors Guild v. Google, Inc., __ F. Supp. 2d __, No. 05 Civ. 8136, 2009 WL 4434586, at *1 (S.D.N.Y. Dec. 1, 2009).

The Court has reviewed the terms of the proposed Class Action Settlement Agreement. Recalling that the parties participated in two settlement conferences – before your Honor and the undersigned – during their negotiations, the Agreement "appears to be the product of extensive, arms-length negotiations conducted by experienced counsel with input from the parties." Leung v. Home Boy Rest. Inc., __ F. Supp. 2d __, No. 07 Civ. 8779, 2009 U.S. Dist. LEXIS 12556, at *1

---

(...continued)
resulted in very large settlements."

5

(S.D.N.Y. Feb. 18, 2009). The Court does not find the plaintiff has received unduly preferential treatment or that an excessive compensation award has been proposed for class counsel. Rather, the Court finds that the Agreement is within the range of possible approval.

### 3. Notice of Pendency and Settlement of Class Action

Once the district court approves, preliminarily, a proposed settlement, it "must direct the preparation of notice of the certification, proposed settlement, and date of the final fairness hearing." MANUAL FOR COMPLEX LITIGATION § 21.632 (4th ed.) (2004). Where parties move simultaneously for settlement-class certification and preliminary settlement approval, a district court may permit notice under Rule 23(c)(2) to be combined with notice under Rule 23(e). MANUAL FOR COMPLEX LITIGATION § 30.41 (3d ed.) (1995); see 7B C. Wright, A. Miller & M. Kane § 1797.2 (3d ed.).

Having reviewed the content of the proposed Notice, and the means and methods proposed for its dissemination, as detailed in the Agreement, the Court finds that it satisfies the requirements of Fed. R. Civ. P. 23(c)(2)(B) & (e).[4]

## IV. RECOMMENDATION

For the reasons set forth above, I recommend that your Honor issue an order:

(1) certifying the proposed settlement class, pursuant to Fed. R. Civ. P. 23(b)(3);

(2) appointing Chin class representative;

(3) appointing Reese Richman LLP counsel for the settlement class, pursuant to Fed. R. Civ. P. 23(g);

(4) approving, preliminarily, the Class Action Settlement Agreement (Docket Entry No. 31-2, as amended by Docket Entry No. 37-2);

---

[4] On page 2 of the Notice, the Class Action Settlement Agreement is said to be dated July 31, 2008. Prior to distributing the Notice, this error should be corrected to reflect that the original Agreement is dated July 31, 2009.

(5) approving the Notice of Pendency and Settlement of Class Action (Docket Entry No. 37-3);

(6) directing the Notice be distributed, in the manner set forth in paragraph 8.1 of the Agreement; and

(7) scheduling a hearing for final approval of the Agreement.

## V. FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Richard J. Sullivan, 500 Pearl Street, Room 640, New York, New York 10007, and to the chambers of the undersigned, 40 Centre Street, Room 540, New York, New York 10007. Any requests for an extension of time for filing objections must be directed to Judge Sullivan. FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW. See Thomas v. Arn, 474 U.S. 140, 470 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992); Wesolek v. Canadair Ltd., 838 F.2d 55, 58-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated: New York, New York  
       March 12, 2010

Respectfully submitted,

*Kevin Nathaniel Fox*  
KEVIN NATHANIEL FOX  
UNITED STATES MAGISTRATE JUDGE