UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SABRINA CHIN, on behalf of herself and all others similarly situated,

                Plaintiff,

-v-

RCN CORPORATION,

                Defendant.

No. 08 Civ. 7349 (RJS) (KNF)
ORDER

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/21/10

RICHARD J. SULLIVAN, District Judge:

The clerk of the court is respectfully directed to docket the attached objections.

SO ORDERED.

DATED:    May 21, 2010
              New York, New York

                                  RICHARD J. SULLIVAN
                                  UNITED STATES DISTRICT JUDGE

# THE NOLAN LAW FIRM
## A GENERAL LAW PRACTICE

WILLIAM PAUL NOLAN, ESQ.
E-MAIL
WPN@ATTORNEYSNEWYORK.COM

TELEPHONE
(212) 308-3456
TELECOPIER
(212) 879-6806

444 EAST 75TH STREET
NEW YORK, NEW YORK 10021
15TH FLOOR
(ADDRESS FOR SERVICE)

590 MADISON AVENUE
NEW YORK, NEW YORK 10022
21ST FLOOR

May 20, 2010

United States District Judge Richard J. Sullivan
United States District Court
Southern District of New York
500 Pearl Street, Room 640
New York, New York 10007

**RE: *CHIN v. RCN Corporation*, 08 CV. 7349 (RJS)**

Judge Sullivan:

Per your request during today's phone conference, interveners, Ms. Wendi Weinman and Messrs. Seth Berkowitz, Christopher Manice and John Westley Spears, object to the proposed settlement for the following reasons:

- Going forward class members receive only what the class members were supposed to receive under their agreements with RCN but didn't receive under their agreements with RCN, *i.e.*, RCN's promised internet service.

- Class members effectively are forced to continue doing business with RCN.

- If class members are fed up with RCN's service outages and have left RCN or leave RCN, class members receive nothing to compensate them for RCN's service outages.

- RCN isn't punished for RCN's breach of agreements, *i.e.*, intentional service outages?

- There is no disgorgement of RCN's ill gotten gains.

- There is no meaningful compensation to class members for RCN's intentional service outages.

- RCN agrees to cease and desist use of all P2P Network Management Practices for a period of 18 months from May

1, 2009. What about after 18 months?

- The proposed settlement provides for the payment of up to $520,000.00 in attorney's fees and an award of expenses of up to $20,000.00 for services performed on behalf of the Proposed Class while the individual members of the settlement class receive nothing but the promise that RCN will provide the service, RCN agreed to provide before RCN's outages and then only for 18 months from May 1, 2009.

- Class members are concerned that the proposed settlement fails to provide appropriate relief in the event that the independent monitor finds that RCN continues its practice of providing inadequate service to its customers, which RCN can do after November 1, 2010 under the proposed agreement. For example, the non-P2P "non throttling" agreement already has ended and the "proposed" restriction on throttling P2P traffic ends November 1, 2010. Thereafter, RCN can implement whatever scheme it wants to implement.

The above interveners suggest:

- class members be given the choice to continue with RCN receiving either a free service or enhanced service credit for the number of months, the class members were subject to RCN's improper practices, or if the class members no longer want to remain with RCN, the class members receive a monetary payment. *E.g.*, upon information and belief, the similar *In re: Comcast Corp. Peer-to-Peer (P2P) Transmission Contract Litigation*, MDL No. 08-1992 (E.D.PA.)(LDD), has an August 2010 proposed settlement date and a proposed credit and or maximum payment of $16.00 per class member.

- there be a permanent ban on P2P and non-P2P blocking.

- presuming that the above suggested changes are accomplished, reasonable compensation for class counsel.

Again, interveners have demonstrated that their interests likely will be impaired by the present disposition of this action and their interests are not protected adequately by parties to the action.

2

Respectfully submitted,

/s/ William Paul Nolan

William Paul Nolan

cc: Michael R. Reese, Esq.  Peter C. Neger, Esq.
    Reese Richman LLP       Bingham McCutchen LLP
    875 Avenue of the Americas  399 Park Avenue
    New York, New York 10001    New York, New York 10022