**REESE RICHMAN LLP**
Michael R. Reese
Kim E. Richman
Belinda L. Williams
875 Avenue of the Americas, 18th Floor
New York, New York 10001
Telephone: (212) 643-0500
Facsimile: (212) 253-4272
Email: mreese@reeserichman.com
       krichman@reeserichman.com
       bwilliams@reeserichman.com

*Counsel for Plaintiff and the Class*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SABRINA CHIN, on behalf of herself and all others similarly situated, ) ) ) | Civil Action No. 1:08-CV-7349 RJS |
| Plaintiff, ) ) vs. ) ) RCN CORPORATION, ) ) Defendant. ) ) ) ) | **DECLARATION OF MICHAEL R. REESE IN SUPPORT OF PLAINTIFF'S MOTION FOR FINAL APPROVAL OF SETTLEMENT, AWARD OF CLASS COUNSEL'S FEES AND COSTS, PAYMENT OF INCENTIVE AWARD TO PLAINTIFF AND RESPONSE TO OBJECTORS** |

I, Michael R. Reese, hereby declare the following:

1. I am an attorney admitted to practice before the bars of the States of New York and California and am admitted to practice before this Court. I am a member of the law firm Reese Richman LLP, attorneys for Plaintiff and the class in the above-captioned matter ("Class Counsel").

2. I submit this Declaration in support of Plaintiff's Motion for Final Approval of Settlement, Award of Class Counsel's Fees and Costs and Response to Objectors and am fully familiar with the facts set forth herein.

3. Class Counsel expended a considerable amount of time and effort in this matter. In total, Class Counsel has expended to date some $529,912.50 in lodestar and $20,157.44 in expenses. Because of the time commitment involved, Class Counsel had to turn away work, including a breach of contract claim pending in New York state court and a copyright infringement matter pending in the District of Oregon.

4. Class Counsel filed this case only after a thorough investigation of the factual underpinnings of the complaint and the legal theories asserted therein. Specifically, Class Counsel began investigation of this matter in February of 2008, and then spent the next several months conducting a thorough investigation before filing suit on August 19, 2008. Class Counsel's investigation, included, but was not limited to, research into RCN's network management practices and the manner in which it interfered with P2P transmissions; research into RCN's marketing and advertising of its high-speed internet service; diagnostic testing of RCN's internet service; review of RCN's public filings, including filings with the Securities Exchange Commission; research regarding customer complaints; legal research of applicable law including, but not limited to, the Computer Fraud and Abuse Act, New York's consumer protection laws and Virginia's statutory consumer protection laws; and, legal research into various judicial interpretations of the CFAA, New York and Virginia consumer protection laws.

1

5.	As part of its litigation of this matter, Class Counsel retained the leading expert in the field, Peter Eckersley of the Electronic Frontier Foundation. Mr. Eckersley consulted with Plaintiff and Class Counsel throughout the litigation. Mr. Eckersley also appeared in Court before the Hon. Richard J. Sullivan on May 14, 2009 in order to answer technical questions regarding the action and otherwise provide assistance.

6.	Class Counsel also retained Professor Theodore Grossman of Babson College as a consultant. Professor Grossman teaches information technology, as well as other highly technological subjects, and assisted Plaintiff and Class Counsel in their litigation of the matter.

7.	After service of the Complaint on Defendant, the Parties engaged in discovery. Each Party served discovery requests - document requests and interrogatories - and each side responded to those discovery requests. Class Counsel reviewed the documents and Interrogatory Responses provided by Defendant. Class Counsel also continued its investigation of Defendant, focusing on packet loss data it has received after the filing of the initial complaint and drafted an amended complaint to reflect such information uncovered by Class Counsel. Class Counsel also investigated the role of the Sandvine Corporation of Ontario, Canada regarding the facts alleged in the complaint. Class Counsel also cross-examined Defendant's in-house technical specialists regarding Defendant's network management practices at issue in the litigation. Defendant also cross-examined Class Counsel's expert Peter Eckersley.

8.	Class Counsel made several court appearances in this matter, including case management conferences, a settlement conference held before the Hon. Richard J. Sullivan, and a hearing before the Hon. Magistrate Kevin N. Fox on Plaintiff's Motion for Preliminary Approval of Settlement. After the hearing on the Motion for Preliminary Approval argued by Class Counsel, Magistrate Fox issued a Report and Recommendation that the Motion for Preliminary Approval be granted. On March 29, 2010, the Hon. Richard J. Sullivan issued an order granting preliminary approval to the settlement.

9. Class Counsel negotiated the settlement with counsel for RCN. As part of the settlement negotiations, and as a result of the above-captioned litigation, RCN agreed to stop its adverse P2P network management practices as of May 1, 2009, even though a settlement had not been finalized. The Parties discussed with the Court the prospect of RCN stopping its P2P network management practice prior to finalization of the settlement, and Class Counsel agreed that RCN should stop its adverse P2P network management practices prior to finalization of the settlement because the sooner RCN's discontinued its P2P network management practice, the better it was for consumers. RCN would not have stopped its adverse P2P network management practices but for the litigation and on-going settlement negotiations.

10. Class Counsel's negotiation of the settlement included the involvement of the Honorable Richard J. Sullivan who conducted a settlement conference on May 14, 2009 at which myself, my partner Kim E. Richman, Class Representative Sabrina Chin and Peter Eckersley attended. Representatives from RCN and its outside counsel also attended the May 14, 2009 settlement conference.

11. After further discovery and settlement negotiations between the Parties, the Parties agreed to a settlement term sheet on June 19, 2009, the terms of which are incorporated in the Settlement Agreement presented to the Court on July 31, 2009.

12. In the opinion of Class Counsel, the Settlement is an outstanding result for the Class as it requires RCN to stop the practice of adversely affecting RCN customers use and experience of the Internet. The Settlement also accomplishes the goal of "net neutrality" that the Federal Communications Commission and other groups have deemed as crucial for a vigorous Internet based economy. The Settlement also requires RCN to pay for and subject itself to an independent monitor to assure compliance with the Settlement. Given these terms of Settlement, I believe that the Settlement provides great benefit to the Class and the public at large.

13. Plaintiff estimates that a trial of this case would have taken at least two to three weeks and involve testimony of numerous expert witnesses. If this case were to proceed, it might not be completed until many years after the benefits would be made available to consumers under this Settlement. The expense of such a trial and the use of both judicial resources and the resources of the parties would have been substantial.

14. It is Class Counsel's opinion that RCN would have aggressively challenged class certification if the case were to be further litigated. The future course of the litigation undoubtedly would have proven to be equally complex, expensive, and time-consuming. In assessing the merits of the Settlement, Class Counsel carefully considered the wide-ranging factual and legal hurdles as well as the risks that Plaintiff would have faced if she had continued to prosecute the action through trial and appeals. Although they remained confident in their ultimate ability to prevail, Class Counsel were aware that certain of the legal and factual defenses expected to be asserted by RCN had some possibility of success which could lead to severe mitigation of the benefit that might ultimately be awarded to the Class or even dismissal of the case. The resulting uncertainty, and the uncertainty inherent in all complex litigation, made the outcome of the case less than assured, especially when weighed against the substantial, tangible, immediate benefits conferred by the Settlement, which approach a "best case" scenario after trial.

15. Although Plaintiff strongly believed that her claims have merit, establishing RCN's liability and damages to the entire Class at trial would by no means be guaranteed. RCN has steadfastly denied liability and Class Counsel recognized that some of RCN arguments, both against class certification as well as the substance of the case, could have possibly proved meritorious. If class certification was granted, Plaintiff would have anticipated additional dispositive motions by RCN had the case proceeded toward trial.

4

16. The many other risks that Plaintiff and the Class would have faced at trial alone (assuming that Plaintiff defeated any other dispositive motions that RCN might have filed after the close of discovery) include:

(i) The risk that evidentiary rulings would preclude Plaintiff from using certain proofs that she sought to offer;

(ii) The risk that certain witnesses, particularly third-party witnesses, would not testify as anticipated, or would have their credibility undermined;

(iii) The risk that the jury would be more persuaded by RCN expert testimony than by that of Plaintiff; and

(iv) The risk that the jury would find that RCN had not committed fraud.

17. The settlement negotiations in this case were intense, extensive, hard fought and conducted at arm's-length between experienced and skilled attorneys. Importantly, the issue of fees was never discussed until the relief to be provided to the Class was conclusively agreed to.

18. After extensively litigating this case, it is Class Counsel's opinion that RCN engaged in a common course of conduct relating to the sale of its high-speed Internet service. As a result, all questions of law and fact are virtually identical for each Class member.

19. The claims of the representative plaintiff and every member of the Settlement Class arise from the same conduct by RCN – the marketing of its Internet service that are belied by RCN's inadequately disclosed P2P network management practices. The claims of the representative plaintiff are identical to, and based on, the very same legal theories as each member of the Class.

20. There are no actual or potential conflicts between the named Class representative and the members of the Class she represents. Further, the central issues in this case are identical for the Class representatives and the members of the Settlement Class.

21. Plaintiff is not aware of any related cases pending elsewhere.

22. Only after agreement was reached as to the terms of the Settlement benefiting the Class, Class Counsel negotiated with RCN regarding the payment of attorneys' fees and expenses, so that the benefit of the Class would not be compromised by payment of attorneys' fees. After extensive arm's length negotiations that included the involvement of the Honorable Magistrate Kevin N. Fox who conducted mediation on the issue on September 21, 2009, RCN agreed to not oppose an award of $520,000 in fees and $20,000 in expenses for a total of $540,000.

23. The parties properly negotiated the fees and expenses to be paid. Class Counsel and Defendant's counsel separated the issues of Class settlement and fees, negotiating all substantive terms of the settlement first and deferring discussion of attorneys' fees and expenses until after all substantive terms were in place.

24. Among the factors that were considered in the negotiations concerning the fees to be paid by RCN were the amount of the requested fee relative to Class Counsel's lodestar, but, again, only after all other aspects of the Settlement had been agreed upon. Agreement of the amount for Class Counsel's time and expenses was not reached until after the Honorable Magistrate Kevin N. Fox has conducted mediation on the issue on September 21, 2009. The result of these negotiations is an arm's length, negotiated, reasonable fee, especially in light of the lodestar methodology used to determine fees in class actions such as the above-captioned action.

25. From the commencement of this litigation, Class Counsel have been paid nothing for their substantial efforts.

26. Despite being paid nothing for their efforts to date, as of May 28, 2010, Class Counsel have expended $529,912.50 in lodestar and $20,157.44 in expenses.

27. Class Counsel's hourly rates are based upon a survey of market rates and what we have historically charged in other matters. Specifically, I have reviewed a recent survey of partner and associate billing rates for law firms based in New York. The

6

survey states that partners at Curtis, Mallet-Prevost, Colt & Mosie LLP in New York bill an average of $730 with 8th year associates at the firm billing at an hourly rate of $560 per hour. The highest amount billed by a New York firm was White & Case with a top billable rate by a partner at $1260 per hour and a top billable rate for an associate at $920 per hour. Class Counsel have been awarded by the court in other class action litigation fees based upon these rates.

28. The Class representative aided in the prosecution of this litigation through her involvement in the pre-suit investigation, responding to interrogatories and producing documents, appearance in Court before the Honorable Richard J. Sullivan, and consulting with Class Counsel about the matter throughout the litigation.

29. Class Counsel also expended $20,157.44 in expenses to litigate this matter. The vast majority of this expenditure went for payments to experts who consulted with Class Counsel during this highly technical litigation. Payment has been made to Peter Eckersley who consulted with Class Counsel during the initial stages of this litigation. After it became clear that Mr. Eckersley would become the Independent Monitor, Class Counsel retained Professor Theodore Grossman of Babson College to consult with them regarding technical issues. Class Counsel also have paid Professor Grossman for his work to date. Additionally, expenditures were made for travel of Class Counsel to meet with Peter Eckersley, who is based in San Francisco, California as well as payment for Mr. Eckersley to travel from San Francisco to New York in order to participate in the settlement conference held by Judge Sullivan on May 14, 2009. All air travel consisted of coach fares.

30. Attached hereto as Exhibit A is a true and correct copy of a speech delivered by FCC Chairman Julius Genachowski on September 21, 2009.

31. Attached hereto as Exhibit B is a list of persons who have opted out of the Class to date pursuant to the terms of the Court's March 29, 2010 Order ("March 29,

2010 Order") granting Preliminary Approval and Ordering that Notice be Disseminated and pursuant to the terms of the Notice of Settlement.

32. Attached hereto as Exhibit C is the objections submitted by the Nolan Law Firm on May 20, 2010.

33. Attached hereto as Exhibit D is the objection of Thomas Lavery dated May 14, 2010.

34. Attached hereto as Exhibit E is the resume of Mark Lyon printed out from the website marklyon.org on May 27, 2010.

35. Attached hereto as Exhibit F is a true and correct copy of a print out from the website of the New York State Unified Court System of the results of a search conducted on May 26, 2010 of registered attorneys by the name Mark Lyon.

36. Attached hereto as Exhibit G is copy of the Notice distributed by RCN.

37. Attached hereto as Exhibit H are copies from Defendant RCN's website posting the Notice.

38. Attached here as Exhibit I are copy of the notice sent to the United States Attorney General and the Attorneys Generals for the various states in which RCN does business.

39. Attached hereto as Exhibit J is a copy of Class Counsel's lodestar and supporting time records.

40. Attached hereto as Exhibit K is a copy of the expenses incurred by Class Counsel.

41. Attached hereto as Exhibit L is a copy of Class Counsel's firm resume.

42. Attached hereto as Exhibit M is the Affidavit of Sabrina Chin previously filed in this matter.

I HEREBY DECLARE under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: May 28, 2010	*/s/ Michael R.. Reese*
　　　　　　　　　　　　　　　　　　Michael R. Reese